CLERK'S OFFICE U.S. DIST. COURT
AT HARRISONBURG, VA
FILED
October 27, 2026
LAURA A. AUSTIN, CLERK
BY: s/J.Vasquez
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| James Calvin Robertson, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 7:24-cv-00726 |
| | ) | |
| Carlos R. Ibanez, DDS *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff James Calvin Robertson, an inmate proceeding *pro se* and *in forma pauperis*, (Dkt. 26), filed this action under 42 U.S.C. § 1983, complaining about inadequate care received after he sustained a broken jaw. Defendant Derinda Dameron Lokey moved to dismiss this action. Defendant Kyle A. Smith was purportedly served through a designee, (Dkt. 35), but he has not appeared. For the reasons explained below, the court will dismiss the claims against Dameron Lokey and Smith under its screening authority.

## I. Background[1]

Robertson was assaulted in 2019 by other inmates while incarcerated, resulting in a broken jaw. (Dkt. 16 at 3.) He was treated for these injuries but contends that the treatment and follow-up care were inadequate. (*Id.* at 4.) He filed this action in October 2024, originally naming only a single Defendant, Carlos R. Ibanez, DDS. (Dkt. 1 at 1.) Defendant Ibanez

[1] The facts are taken from Robertson's amended complaint and, at this stage, are presumed to be true. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982).

moved to dismiss the claims against him. (Dkt. 30.) The court granted his motion to dismiss on the basis that Robertson's claims were asserted beyond the applicable two-year statute of limitations period and were thus time-barred. (Dkts. 47, 48.) The court then denied Robertson's motion for reconsideration of the dismissal. (Dkt. 52.)

Prior to the court's dismissal of Defendant Ibanez, Robertson submitted an amended complaint in this action that named two other Defendants, Derinda Dameron Lokey and Kyle A. Smith. (Dkt. 16.) Defendant Smith was purportedly served through a designee, (*see* Dkt. 35), but he has not appeared in this action. Defendant Dameron Lokey moved to dismiss the claims asserted against her, (Dkt. 43), arguing that Robertson's claims are time-barred and that he failed to meet the standards for showing deliberate indifference to a serious medical need, (Dkt. 44).

This is not, however, Robertson's first suit related to the dental care he received. He filed an action in 2022 arising from the same facts. Civil Action No. 7:22-cv-00086. The Defendants named in that action included Dr. K. Smith (designated as Kyle A. Smith in this action) and RN D. Dameron (designated as Derinda Dameron Lokey in this action), the same Defendants here. (Dkt. 1 at 1.) In Civil Action No. 7:22-cv-00086, Robertson claimed that Smith and Dameron Lokey failed to administer him pain medication (*i.e.,* ibuprofen) and failed to schedule follow-up appointments. (*Id.* at 2.) Robertson's claims against Smith and Dameron Lokey were dismissed with prejudice by Order dated September 24, 2024, after the court granted their motion for judgment on the pleadings. (Dkt. 44.)

## II. Standard of Review

The court must dismiss a complaint filed *in forma pauperis* "at any time" the court determines that the complaint is "frivolous" or "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(i), (ii); *Eriline Co. S.A. v. Johnson*, 440 F.3d 648, 656–57 (4th Cir. 2006). This statute "is designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

The standards for reviewing a complaint for dismissal under § 1915(e)(2)(B)(ii) are the same as those which apply when a defendant moves for dismissal under Federal Rule of Civil Procedure 12(b)(6). *De'Lonta v. Angelone*, 330 F.3d 630, 633 (4th Cir. 2003). Thus, in reviewing a complaint under this statute, the court must accept all well-pleaded factual allegations as true and view the complaint in the light most favorable to the plaintiff. *Philips v. Pitt Cnty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009). To survive a motion to dismiss for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

Pleadings filed by *pro se* litigants must be construed liberally. *King v. Rubenstein*, 825 F.3d 206, 214 (4th Cir. 2016). "Principles requiring generous construction of *pro se* complaints are not, however, without limits." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). A *pro se* complaint must still "state a claim to relief that is plausible on its face." *Jackson v. Lightsey*, 775 F.3d 170, 178 (4th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678).

## III. Analysis

Here, Robertson's claims against Smith and Dameron Lokey are barred under *res judicata*. As noted by the Fourth Circuit, "the principle of *res judicata* . . . is fully applicable in prisoners' civil rights suits brought under § 1983." *Crowe v. Leeke*, 550 F.2d 184, 186 (4th Cir. 1977) (citing *Preiser v. Rodriguez*, 411 U.S. 475, 497 (1973)). The Supreme Court explained the *res judicata* doctrine as follows:

> The general rule of res judicata applies to repetitious suits involving the same cause of action. . . . The rule provides that when a court of competent jurisdiction has entered a final judgment on the merits of a cause of action, the parties to the suit and their privies are thereafter bound "not only as to every matter which was offered and received to sustain or defeat the claim or demand, but as to any other admissible matter which might have been offered for that purpose." The judgment puts an end to the cause of action, which cannot again be brought into litigation between the parties upon any ground whatever, absent fraud or some other factor invalidating the judgment.

*Comm'r v. Sunnen*, 333 U.S. 591, 597 (1948) (internal citations omitted). *Res judicata* thus prohibits serial litigation against the same parties and provides that a plaintiff only gets "one bite" at the litigation apple. Robertson was thus required to assert his claims against Dameron Lokey and Smith fully in his prior case, Civil Action No. 7:22-cv-00086. Those claims, which arose from the exact same facts as those in the instant case, were dismissed with prejudice, and Robertson did not appeal. Thus, he is bound by the court's previous rulings, which he cannot challenge in a subsequent suit like this one.

The Fourth Circuit Court of Appeals has repeatedly held that "district courts are not required to entertain duplicative or redundant lawsuits." *Cottle v. Bell*, No. 00–6367, 2000 WL 1144623, at *1 (4th Cir. Aug. 14, 2000); *Paul v. de Holczer*, Case No. 3:15–2178, 2015 WL 4545974, at *6 (D.S.C. July 28, 2015) (holding that "repetitious litigation of virtually identical

causes of action" may be dismissed as frivolous), *aff'd,* 631 F. App'x 197 (4th Cir. Feb. 4, 2016). Therefore, the court finds that this action should be dismissed. *See Everett v. Whaley*, 504 F. App'x 245, 246 (4th Cir. 2013) (noting that district court dismissed inmate's claims barred by *res judicata* as frivolous); *MacKinnon v. City of N.Y.*, 580 F. App'x 44 (2d Cir. 2014) ("[w]e have regularly upheld a district court's authority to dismiss *sua sponte* a *pro se* complaint on *res judicata* grounds").

## IV. Conclusion and Order

For the above-stated reason, the court **DISMISSES** the claims against Dameron Lokey and Smith under 28 U.S.C. § 1915(e)(2)(B). The court **DIRECTS** the Clerk to terminate the motion to dismiss (Dkt. 12) as moot and to close this case.

The Clerk is **DIRECTED** to mail a copy of this Memorandum Opinion and Order to Robertson.

**IT IS SO ORDERED**.

**ENTERED** this 27th day of October, 2026.



HON. JASMINE H. YOON
UNITED STATES DISTRICT JUDGE